1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GAUNTLET HOLDINGS, LLC, DARRELL W. RIDEAUX, and ALI DERAKHSHANFAR,<br><br>　　　　Defendants,<br><br>and SAL N. ORTIZ,<br><br>　　　　Relief Defendant. | Case No. 8:25-cv-00492 DOC (DFMx)<br><br>**FINAL JUDGMENT AS TO RELIEF DEFENDANT SAL N. ORTIZ [30]** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Relief Defendant Sal N. Ortiz ("Relief Defendant" or "Ortiz") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Ortiz is liable for disgorgement of $142,500, representing net profits from the conduct alleged in the Complaint. Ortiz shall satisfy this obligation by paying a total of $142,500 to the Securities and Exchange Commission, pursuant to the terms of the payment schedule set forth in paragraph II below.

Ortiz may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Ortiz may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ortiz's name as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment. By making this payment, Ortiz relinquishes all legal and equitable right, title, and interest in such

funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The Commission may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

II.

Ortiz shall pay the total of disgorgement due of $142,500 in three installments to the Commission according to the following schedule: (1) $100,000 escrowed prior to the entry of this Final Judgment, to be paid to the Commission within fourteen days of entry of this Final Judgment; (2) $21,250 due by September 30, 2025; and (3) $21,250 due by December 31, 2025. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Ortiz shall contact the staff of the Commission for the amount due for the final payment.

If Ortiz fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and

agreements set forth therein.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement due by Ortiz under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  July 14        , 2025

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE