**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

GAUNTLET HOLDINGS, LLC, DARRELL W. RIDEAUX, and ALI DERAKHSHANFAR,

Defendants.

Case No. 8:25-cv-00492 DOC (DFMx)

**DEFAULT JUDGMENT AS TO DEFENDANT ALI DERAKHSHANFAR**

WHEREAS, Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint on March 13, 2025 (ECF No. 1); Defendant Derakhshanfar ("Derakhshanfar" or "Defendant") having failed to answer, plead or otherwise defend this action; a default having been entered on July 15, 2025 (ECF No. 33); the Court having considered the Commission's motion for entry of a default judgment and all the pleadings and evidence submitted in support thereof; and the Court having determined that Derakhshanfar is not an infant or incompetent person and is not in the military service of the United States, hereby finds that Derakhshanfar has violated: (1) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and (2) 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and orders as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Derakhshanfar is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Derakhshanfar is permanently restrained and enjoined from violating Section 17(a) of

the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendant's qualifications to advise investors, or

(F) the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Derakhshanfar is liable for disgorgement of $500,000 pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $143,837, and a civil penalty in the amount of $500,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Derakhshanfar shall satisfy this obligation by paying $1,143,837 to the Securities and Exchange Commission within 30 days after entry of this Final Default Judgment.

Derakhshanfar may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Derakhshanfar may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ali Derakhshanfar as a defendant in this action; and specifying that payment is made pursuant to this Final Default Judgment.

Derakhshanfar shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Derakhshanfar relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Derakhshanfar.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq*., and moving for civil contempt for the violation of any Court orders issued in this action. Derakhshanfar shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Default Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Default Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Derakhshanfar shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Derakhshanfar's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Derakhshanfar's payment of a civl penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Derakhshanfar shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Default Judgment. For purposes of this paragraph, a

"Related Investor Action" means a private damages action brought against Derakhshanfar by or on behalf of one or more investors based on substantially the same facts as alleged in the Company in this action.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Derakhshanfar, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Derakhshanfar under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Derakhshanfar of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Default Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Santa Ana, California, this 4th day of November, 2025.

David O. Carter

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE